NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022[*]
Decided February 4, 2022

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1858

| | |
|---|---|
| JAMES LEE DORSEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| | |
| *v.* | No. 20-cv-00090 |
| | |
| MONICA WILLIAMS, *et al.,* | Andrea R. Wood, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

James Lee Dorsey, an Illinois prisoner, alleges that prison officials retaliated against him for filing numerous prison grievances and lawsuits. The district court dismissed Dorsey's complaint for failure to state a claim, explaining that he alleges no

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

facts connecting the officials' conduct to his history of grievances and litigation. We agree and affirm.

We take as true the following facts alleged in Dorsey's complaint. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021). Dorsey filed roughly 30 grievances against prison staff between late 2016 and early 2018, most complaining of deliberate indifference and other staff misconduct. Some grievances apparently concerned the defendants. He has also filed several lawsuits against other prison staff members, who are not parties here.

One day in early 2018, Dorsey placed several pieces of legal and personal mail between the bars of his cell to be picked up by prison staff. As Dorsey recounts, Officer Thomas was assigned to collect the mail and place it in the prison mail system. But the next morning, another inmate found Dorsey's mail in a garbage bin and showed it to an officer. The officer directed the inmate to return the mail to Dorsey. Dorsey requested an investigation and identified potential witnesses among the staff and inmates. The two employees responsible for investigating the incident, prison counselor Colleen Franklin and grievance officer Monica Williams, refused to interview the witnesses or tell Dorsey which officer had been assigned to pick up mail that day.

Dorsey filed this suit under 42 U.S.C. § 1983 alleging, as relevant here, that Thomas, Franklin, and Williams retaliated against him for protected First Amendment activity. In Dorsey's view, his prior grievances and lawsuits prompted Thomas to put his mail in the garbage and led Franklin and Williams not to investigate.

The district court dismissed the complaint at screening for failure to state a claim. See 28 U.S.C. § 1915A. It concluded that Dorsey alleged no facts suggesting that the mail incident was related to his history of grievances and lawsuits—his complaint "did not tie the two together at all." In an order dismissing the case without prejudice, the court instructed Dorsey that any amended complaint should include facts that would plausibly suggest that his filing history motivated the defendants' conduct. Dorsey amended his complaint to include an itemized list of his past grievances but otherwise repeated his earlier allegations. The court dismissed the amended complaint for the same reasons, this time with prejudice.

Dorsey now argues that the court overlooked his allegation that the defendants sought to punish him for protected activity. He maintains that his complaint was sufficient because it alleged a pattern of events—a long list of grievances and lawsuits

leading up to the mail incident—and that the defendants sought to punish him for his frequent filings.

But Dorsey did not "plead[] factual content that allows the court to draw the reasonable inference" that the defendants retaliated against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim for retaliation, he must plausibly allege that his protected activity was a motivating factor behind the defendants' conduct. See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, he alleged that he filed numerous grievances and lawsuits against prison staff members, that one of those staff members later threw away his mail, and that two others did not conduct a full investigation. But, even with prompting from the district court, he did not plausibly explain what "led [him] to believe [his] treatment was *because of*" the protected activity. See *Kaminski v. Elite Staffing, Inc.*, No. 21-1616, slip op. at 7 (7th Cir. Jan. 19, 2022). His assertion that the defendants sought to punish him relies on speculation and is thus insufficient. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

AFFIRMED